Opinion issued January 11, 2007









In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-00689-CV

____________


JOHN FRANK MCKNIGHT, Appellant


V.


MARSHALL DAVIS BROWN, JR., Appellee






On Appeal from the 133rd District Court 

Harris County, Texas

Trial Court Cause No. 2003-43149






SUPPLEMENTAL MEMORANDUM OPINION

 Appellant, John Frank McKnight, has filed an unopposed motion to dismiss
this appeal with prejudice, informing us that the parties "have reached a resolution
and settlement of all matters in controversy between them." McKnight also requests
that "all matters" pending in the trial court be dismissed. This Court had previously
issued an opinion and judgment affirming the trial court's judgment on April 13,
2006. McKnight does not request that our earlier opinion be withdrawn. (1)

 Accordingly, the unopposed motion to dismiss is granted, our judgment of
April 13, 2006 is vacated, the trial court's judgment is vacated, and the case
(including this appeal) is dismissed with prejudice. See Tex. R. App. P. 42.1(a)(1),
43.2(e).

 All other pending motions in this appeal, including appellant's motion for
rehearing, are dismissed as moot. The Clerk is directed to issue mandate within 10
days of the date of this opinion. See Tex. R. App. P. 18.1.





 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Higley, and Bland.


Justice Bland, concurring.



1. The concurring opinion contends that our original opinion should be withdrawn
because we did not take into consideration the following when determining whether
McKnight offered sufficient evidence of damages for his abuse of process claim: (1)
McKnight's "supporting summary judgment affidavit . . . recites the fact of his
incarceration," (2) Brown "concede[d]" in his summary judgment motion "that
McKnight was incarcerated for contempt of court," and (3) "in granting McKnight's
request for a writ of habeas corpus, our sister court noted the fact of [McKnight's]
incarceration." The concurring opinion overlooks that "the fact of [McKnight's]
incarceration" was not argued by McKnight in the trial court or in his opening
appellate brief as a basis for defeating Brown's no-evidence motion for summary
judgment on the damages element. That is, though his incarceration was mentioned,
McKnight never pointed to it as evidence of his damages for his abuse of process
claim. It is a basic principle of summary judgment practice that an appellate court
cannot consider arguments not expressly presented to the trial court by written
motion, answer, or other response as a ground for reversal of a summary judgment. 
See Tex. R. Civ. P. 166a(c). The comment to rule 166a(i) notes that, though a
respondent to a no-evidence summary judgment is not required to marshall his proof,
he must "point out evidence that raises a fact issue on the challenged elements." Tex.
R. Civ. P. 166a(i) cmt. (emphasis added). At least one court of appeals has concluded
that factual recitations in the background portion of a summary judgment response
could not serve as a basis to reverse a no-evidence summary judgment on appeal. See
Gunnels v. City of Brownfield, 153 S.W.3d 452, 466 (Tex. App.--Amarillo 2004,
pet. denied) (op. on reh'g) ("The passing references in the statement of the nature of
[appellant's] case fail to meet the 'expressly presented' requirement of Rule 166a(c)
and may not now be used to reverse the trial court's summary judgment."). Similarly,
in this case, passing references to "the fact of [McKnight's] incarceration," whether
in his affidavit, Brown's motion for summary judgment, or our sister court's opinion
cannot operate to reverse the trial court's summary judgment when McKnight never
pointed to such as a basis for reversal until his motion for rehearing.